## Ezell v. Holloway.

1. CERTIORARI. *Will not authorize a trial on merits. When.* A certiorari to quash a judgment, because obtained without service, will not authorize a trial on the merits.

2. SAME. *Warrant, proof of and its return prima facie sufficient.* The justice made affidavit that a warrant was returned before him, duly executed, upon which he rendered the judgment; this would throw the burden of disproving the service upon the petitioner.

3. SAME. *Same. Petition dismissed. When.* The petitioner, admitting that the judgment was, in fact, rendered, it was not error for the Court to dismiss the petition on proof of service.

Cases cited: Studdart *v.* Fowlkes, 2 Swan, 537; Nance *v.* Hicks, 1 Head, 624; Hicks *v.* Johnson, 3 Sneed, 326; Hollins *v.* Johnson, 3 Head, 346.

### FROM GILES.

Appeal from the Circuit Court. JOHN C. WALKER, Judge.

N. ADAMS for Ezell.

T. M. and C. P. JONES for Holloway.

McFARLAND, J., delivered the opinion of the Court.

Holloway, on a petition, shows that an execution

had been issued against him by Frauthane, a Justice of the Peace, upon what purports to be a judgment rendered against the petitioner in favor of Ezell. It is alleged that petitioner was not served with process; that there is no record of such case in the Justice's office; also that he has no knowledge of any meritorious ground for the judgment. He prays that the execution and judgment be brought into the Circuit Court and quashed.

In the Circuit Court a motion was made to dismiss the petition. Upon the hearing of this motion, affidavits made by the plaintiff and by the Justice were read, showing the rendition of the judgment, and the loss or destruction of the Justice's papers. The petitioner agreed that the judgment had been rendered against him by the Justice, as alleged, and also agreed that the affidavits might be read as depositions, but objected to their competency; the Court being of opinion that process was served upon the petitioner, and that he was not entitled to have the judgment or execution quashed, sustained the motion to dismiss. The petitioner insisted upon his right to hear the cause upon its merits; this was refused, and judgment rendered for the plaintiff Ezell, for his debt, interest and cost. Holloway has appealed, and assigns for error, 1. That the motion to dismiss was not made at the first term. In a case where a certiorari is used as a substitute for an appeal, it has been repeatedly held that the motion to dismiss must be made at the first term after the opposing party has notice of the issu-

Ezell *v.* Holloway.

ance of the writs; if no such motion be made the cause stands for trial upon its merits.

In this cause the prayer of the petition is not to re-try the cause upon its merits, but to have the judgment and execution quashed, because there was no service of process upon him. The writ in this cause was not used as a substitute for an appeal, but as a substitute for the obsolete writ of *audita queralla.*

The petition might, perhaps, have been presented in a double aspect, but it was not. If it be conceded that in a case of this character the motion to dismiss must be made at the first term, still the failure to make the motion does not change the nature of the proceeding, as a motion by the petitioner to quash the judgment and execution, upon the ground that the judgment against him was void for want of legal notice, the object of the certiorari and supersedeas being to suspend the execution and bring the proceedings into Court for the purpose of making the motion.

The motion is triable by the Judge, unless he chose to submit some issue of fact to a jury. So in this case the question to be tried by the Court was whether the warrant of the Justice had been served upon the petitioner, he having admitted that the judgment was in fact rendered; this is the question the Court did try. The objection that this question was tried upon the motion of the plaintiff to dismiss the suits, when it should have been upon the petitioner's motion to quash, is more a matter of form than substance; in substance the proper question was decided, that is, that

2

the warrant was served upon the defendant, and therefore he was entitled to no relief. The failure of the plaintiff to move to dismiss at the first term could not avoid this question.

The authorities referred to 2 Swan, 527; 1 Head, 624; 3 Sneed, 326, holding that upon motion to dismiss for want of merits, or because there is not sufficient reason for not appealing, counter affidavits can not be heard, and are undoubtedly good authority. The affidavits in the cause were read, under the agreement, as depositions. Upon the question of fact before the Court, the affidavit of the Justice shows that a warrant was returned before him, duly executed, upon which he rendered the judgment in question. This, we think, would throw upon the defendant the burthen of disproving the service of the warrant upon him, which he did not do. We do not think the Court erred in refusing to try the case upon its merits, this was not the prayer of the petition. See 3 Head, 347.

We think there is no substantial error, and the judgment will be affirmed.